UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MATTHEW BOYD, a Minor, by and through RANDALL BOYD, Individually and as Parent and Natural Guardian of MATTHEW BOYD, a minor, MARY BOYD, Individually and as Parent and Natural Guardian of MATTHEW BOYD, a minor,

Plaintiffs,

vs.

GENERAL MOTORS COMPANY, a Delaware Corporation; DOE DEFENDANTS I-XX, AND ROE CORPORATIONS I-XX, INCLUSIVE,

Defendants.

Case No. 2:12-cv-01485-JCM-GWF

**AGREED PROTECTIVE ORDER CONCERNING GM DOCUMENTS**

This matter coming on before the Court on this 29 day of April, 2013, upon the motion of all parties for an entry of an Agreed Protective Order Concerning GM Documents. Upon consideration of the matter, the Court makes the following findings and orders:

The Court finds that the parties have agreed to the entry of this Order as a means of expediting discovery of documents and information which may be relevant herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**
**I. PROCEDURES FOR DETERMINING CONFIDENTIAL STATUS**

1. Prior to production of documents that contain trade secrets or confidential business information, including, but not limited to: test reports, research reports, design information, design, engineering and/or assembly drawings, test specifications, meeting minutes, engineering files, computer programs, design guidelines and/or specifications, and assembly documents, General Motors LLC, (GM) may designate as "confidential" or "Produced Pursuant to Protective Order" any such document or materials after they have made a review of the documents to determine, in good faith, that they constitute trade secrets, confidential research, development, commercial information, or are otherwise entitled to protection.

2. The confidential status accorded any documents, information or material produced pursuant to this Order shall remain in effect until further Order of this Court as to any such document, information or material.

3. After receiving the documents, Plaintiffs have the right to file objections to the confidential designation of any documents that Plaintiffs believe are not entitled to such a designation. After filing Plaintiffs' objections, GM shall have 30 days to file a motion with the court to determine whether the documents are entitled to confidential treatment. The burden is upon GM to show that Plaintiffs use of the documents should be subject to any restrictions. The documents will maintain their confidential designation pending resolution of Plaintiffs' objection and GM's motion.

## II. ORDERS REGARDING "CONFIDENTIAL" DOCUMENTS OR THINGS

With regard to those documents, information or materials which are accorded "confidential" status as set forth above, the following orders shall be in effect:

1. Plaintiffs and Plaintiffs' counsel shall not provide copies of such documents, information or materials to any person or entity except as otherwise provided below.

2. Plaintiffs' counsel may use all of such documents, information and materials in the ordinary course of prosecuting this litigation or any other litigation in which Plaintiffs' counsel is employed, subject to the rules of evidence regarding admissibility, and may make available such information to agents, representatives and employees of Plaintiffs' counsel, parties to any such litigation, and experts or expert consultants in such litigation and any other person necessary to Plaintiffs' counsel's prosecution of this litigation and/or any other litigation in which Plaintiffs' counsel is employed; provided, however, that Plaintiffs' counsel and persons entitled to receive or review such documents, information or materials pursuant to this Order shall not divulge or release such documents, information or materials to competitors of GM, or other persons unrelated to this lawsuit.

Plaintiffs' counsel is also permitted to provide documents, information or materials produced pursuant to this Order to other attorneys actively prosecuting cases against GM involving: a claim relating to the rear outboard seat belt assemblies in 2005-2010 GMX 381 sedan

- 2 -

vehicles. Provided that, (1) the other attorneys sign an acknowledgement and agree to be bound by the terms of this Order and be subject to the jurisdiction of this court, and (2) provided that Plaintiffs' counsel in this case shall maintain a list of such other attorneys subject to ¶7 below.

3. In addition, during the course of discovery, GM may request documents from suppliers that contain highly confidential and commercially sensitive trade secrets. Documents received from suppliers will not be subject to the sharing provision of this protective order contained in Section 2, above, and may not be disseminated to any other counsel.

Additionally, some design information maintained by GM may be saved in two-dimensional ("2D") drawings and some design information may be saved in a three-dimensional ("3D") electronic CAD data format. GM's electronic 3D CAD data constitutes highly confidential, commercially sensitive trade secrets. To the extent that GM's electronic 3D CAD data is responsive to Plaintiffs' discovery requests, such electronic 3D CAD data will not be subject to the sharing provision of this protective order contained in Section 2, above, and may not be disseminated to any other counsel.

4. Documents, information or materials produced pursuant to this Order, and any copies thereof, may be disclosed to deponents or witnesses during the course of their preparation for, and the taking of, their deposition or testimony. Prior to the disclosure of such information to a deponent or witness, the attorney making disclosure shall advise the deponent or witness to whom the documents, information or materials contained therein are to be disclosed that, pursuant to this Order, such deponent or witness may not divulge any such materials or the information contained therein to any other persons unrelated to this lawsuit.

5. In the event that such confidential documents or materials are included with, or the contents thereof are in any way disclosed by any pleadings, motion, deposition transcript or any other paper filed with this Court, GM will have the opportunity to request the Court to preserve the confidentiality of those confidential documents as the Court deems appropriate, consistent with the Ninth Circuit's opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010). Such materials shall be kept confidential and under seal until further Order of this Court.

Pursuant to Local Rule 10-5(b) of the District of Nevada, if papers are filed under seal pursuant to this protective order, "the papers shall bear the following notation on the first page, directly under the case number: 'FILED UNDER SEAL PURSUANT TO ORDER DATED ___.'" In accordance with Special Order 109 of the District of Nevada, Section IV.C. of the Electronic Filing Procedures of the District of Nevada (rev. Aug. 24, 2006), and Local Rules 10-5 and 10-2 of the District of Nevada, Confidential Information that is filed under seal shall not be filed using the Court's ECF system, although a notice of filing documents under seal shall be filed pursuant to the Court's electronic filing procedures.

6. GM shall not mark as confidential information, documents, or materials that are already in the public domain.

7. Plaintiffs' counsel shall maintain a list of names of each person, to whom confidential documents and materials covered by this Order have been disclosed. This provision does not apply to the names of counsel in this case nor to employees of their offices. This list shall be available for inspection by the Court, upon motion and a showing of good cause by GM.

8. At the conclusion of this lawsuit by judgment, settlement, dismissal or otherwise, Plaintiffs shall return to counsel for GM all copies of documents and materials in this case designated "confidential" or "Produced Pursuant to Protective Order" unless Plaintiffs' counsel in this case are involved in any other litigation, as described above. In the case documents covered by this Order are marked, altered, or annotated, and/or distributed to persons covered by this Order, Plaintiffs' counsel may alternatively certify that the documents and materials have been destroyed.

9. This Protective Order and its terms may be modified by any subsequent Protective Order to which both Plaintiffs and GM have agreed and which is entered by this Court.

10. This Protective Order and its terms apply to all parties and entities receiving documents subject to this Protective Order.

/ / /

/ / /

/ / /

### III. USE AT TRIAL

This Order shall have no effect on the offering or admission of documents at trial.

SIGNED AND ENTERED this 29th day of April, 2013.

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge

APPROVED AS TO FORM:

/s/ John Funk
_____
Gerald I. Gillock
Gerald I. Gillock & Associates
428 S. 4th Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

and

*John D. Cords*
_____
Jay J. Schuttert, Nevada Bar No. 8656
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89101

Mary Quinn Cooper
Andrew L. Richardson
MCAFEE & TAFT
1717 S. Boulder, Suite 900
Tulsa, OK 74119

Attorneys for Defendant